# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

JOHN HEUBLEIN,        )
              )
      Plaintiff,    )
              )
vs.              )  Case No. 09-1280-EFM-DWB
              )
JON WEFALD, *et al.*,      )
              )
      Defendants.  )
_____ )

## **MEMORANDUM AND ORDER**

Before the Court is the Motion to Stay Rule 26 Proceedings (Doc. 18) filed by Defendants. Plaintiffs have responded in opposition. (Doc. 23.) Defendant did not file a reply and the time to do so has expired. D. Kan. Rule 6.1(d)(1). After a careful review of the submissions of the parties, the Court is prepared to rule.

## BACKGROUND

Plaintiff filed the present action on September 10, 2009. (Doc. 1.) In his Complaint, Plaintiff, who is a professor at Kansas State University, brings claims relating to an on-going "corrective action" disciplinary plan he was required to develop for himself. (*See generally*, *id*.) Plaintiff contends actions of Defendants "were taken in contravention of KSU policy and his constitutional rights, namely due process and free speech." (Doc. 23, at 2.) The various Defendants were

involved in Plaintiff's "disciplinary process or grievance process," and all "were sued in their official and individual capacities." (*Id*.) Plaintiff's requested relief includes monetary damages in addition to injunctive and declaratory relief. (Doc. 1, at 14-15.)

Prior to filing an Answer, Defendants collectively filed a Motion to Dismiss (Doc. 16), which remains pending before the District Court. Defendants contend Plaintiff's Complaint should be dismissed in its entirety, with prejudice, for failure to state a claim upon which relief may be granted, an Eleventh Amendment bar to Plaintiff's claims, qualified immunity, and because KSU and its officers in their official capacities are not "persons" subject to suit under 42 U.S.C. § 1983. (Doc. 16; *see also, generally*, Doc. 17.) In conjunction with the motion to dismiss, Defendants also filed the present Motion to Stay Rule 26 Proceedings (Doc. 18), arguing that they "are entitled to resolution of questions of Eleventh Amendment and qualified immunity prior to the imposition of the burdens of discovery and other Rule 26 activities." (Doc. 19, at 4.) Plaintiff has responded in opposition to both motions.

## DISCUSSION

Judge Reid previously discussed the policy in this District for staying discovery in ***Wolf v. United States***, acknowledging that the general policy is not to

2

stay discovery even though dispositive motions are pending. 157 F.R.D. 494, 495 (D. Kan. 1994). Judge Reid also recognized, however, that there are exceptions to this general rule, holding:

> it is appropriate for a court to stay discovery until a pending dispositive motion is decided, especially where the case is likely to be finally concluded as a result of the ruling thereon; where the facts sought through uncompleted discovery would not affect the resolution of the motion; or where discovery on all issues of the broad complaint would be wasteful and burdensome.

*Id. See also,* **Kutilek v. Gannon,** 132 F.R.D. 296, 297-98 (D. Kan. 1990); **Howse v. Atkinson**, No. 04-2341-GTV-DJW, 2005 WL 994572, at *1 (D.Kan. April 27, 2005). In other words, "[a]lthough a stay of discovery is generally disfavored in this district, the Court has broad discretion to stay an action while a Motion to Dismiss is pending pursuant to Fed. R. Civ. P. 26(c)." **Smith-Bey v. Reid**, No. 08-cv-01356-DME-KLM, 2008 WL 5216247, at *1 (D. Colo. Dec. 11, 2008) (citing **String Cheese Incident, LLC v. Stylus Shows, Inc.**, No. 02-cv-01934-LTB-PAC, 2006 WL 894955, at *2 (D. Colo. Mar.30, 2006)). The Court will, therefore, review each of these exceptions to see if any are applicable in the present case. Defendant argues that "the requested stay is appropriate under all three circumstances identified in *Wolf*." (Doc. 19, at 2.)

As an initial matter, the Court has reviewed the briefs relating to the pending dispositive motions. (Docs. 17, 24, 25.) While not expressing an opinion as to how the District Court might rule on Defendants' motion, it does appear that if the District Court were to grant the dispositive motion, such a ruling might well completely conclude this case.[1]

Further, Plaintiff has made no substantive showing that any potential discovery is directly relevant and necessary in order to respond to the motion to dismiss. In fact, Plaintiff has responded to that motion and there is no indication in the response that Plaintiff believes discovery is necessary to a ruling on the motion. Plaintiff does assert that he "should be allowed to explore the claim of immunity made by the Defendants, with each Defendant providing information as to why each one believes either absolute or qualified immunity applies in this case." (Doc. 23, at 3.) This, however, is nothing more than an conclusory allegation rather than a specific discussion of what discovery is requested and how it would allow Plaintiff to challenge an affirmative defense. From a review of the relevant filings, the Court does not believe that there are any factual issues presented by those

---

[1] The Court acknowledges Plaintiff's arguments that sovereign immunity does not operate to protect all defendants from suit since there is a request for future injunctive relief. *See* Plaintiff's Response in Opposition to Defendants' Motion to Dismiss, Doc. 24 at 16-19. However, the pending motion to dismiss raises defenses other than sovereign immunity which might result in a total dismissal of all claims in the case.

motions that would necessitate any discovery by Plaintiffs that could potentially assist the District Court in ruling on the pending motion to dismiss.[2]

In addition, Plaintiffs' desire to conduct discovery on the issue of qualified immunity at this stage of the proceedings misconstrues the Court's function in deciding motions under Rule 12(b)(6). In ruling on such motions, the Court "is not to weigh potential evidence that the parties might present at trial, but [rather it is] to assess whether the plaintiff's complaint alone is legally sufficient to state a claim for which relief may be granted." **Tal v. Hogan**, 453 F.3d 1244, 1252 (10th Cir.2006) (emphasis added) (citation omitted). Therefore, when deciding on a Rule 12(b)(6) motion, a court "can only consider the facts alleged in the complaint." **Dobson v. Anderson**, 319 Fed. Appx. 698, at *701 (10th Cir. 2008) (citing **County of Santa Fe v. Pub. Serv. Co. of N.M**., 311 F.3d 1031, 1035 (10th Cir.2002)).

Finally, the Court must consider the special considerations afforded to cases in which the qualified immunity affirmative defense is raised. The Supreme Court has long recognized that "public officers require [qualified immunity] protection to shield them from undue interference with their duties and from potentially

---

[2] Also, while Plaintiff is seeking future injunctive relief, Plaintiff fails to state any specific and *discrete* discovery that is necessary at this stage of the proceedings that relates only to the injunctive relief claims.

disabling threats of liability." ***Harlow v. Fitzgerald***, 457 U.S. 800, 806, 102 S. Ct. 2727, 73 L. Ed. 2d 396 (1982). Such immunity is required to protect public officials and the public generally from the expenses of litigation, the diversion of official energy from public issues, the deterrence of qualified citizens from acceptance of public office, and the social cost that fear of being sued will have a chilling effect on officials from exercising their official duties with ardor. *Id.* at 814.

Recognizing that the high costs of litigation may cause these harms to occur – even where a favorable verdict for the public official is rendered – the ***Harlow*** Court stated that, until the threshold question of immunity is resolved, discovery should not be allowed. *Id.* at 818; *see also* ***Dahl v. City of Overland Park***, No. 02-2036-JAR, 2002 WL 1634805, at *1 (D. Kan. July 8, 2002) ("Generally speaking, a defendant is entitled to have questions of immunity resolved before being required to engage in discovery and other pretrial proceedings").

> The Supreme Court has emphasized the broad protection absolute and qualified immunity afford, giving officials 'a right, not merely to avoid 'standing trial,' but also to avoid the burdens of 'such pretrial matters as discovery.'' ***Behrens v. Pelletier***, 516 U.S. 299, 308, 116 S.Ct. 834, 133 L.Ed.2d 773 (1996) (quoting ***Mitchell v. Forsyth***, 472 U.S. 511, 526, 105 S.Ct. 2806, 86 L.Ed.2d 411 (1985)); *see also* ***Crawford-El v. Britton***, 523 U.S. 574, 598, 118 S.Ct. 1584, 140 L.Ed.2d 759 (1998). As such, courts should resolve the purely legal question raised by an

> immunity defense at the earliest possible stage in litigation. *Albright v. Rodriguez*, 51 F.3d 1531, 1534 (10th Cir.1995); *Medina v. Cram*, 252 F.3d 1124, 1127-28 (10th Cir.2001).
>
> * * * *
>
> There can be no doubt that Plaintiff has an interest in proceeding expeditiously, but this interest is offset by Defendants' burden. Here, Defendants have filed a Motion to Dismiss the claims against them, in part, on the grounds of qualified immunity. Courts have routinely held that discovery should be stayed while issues of immunity are being resolved. *See generally Siegert v. Gilley*, 500 U.S. 226, 231, 111 S.Ct. 1789, 114 L.Ed.2d 277 (1991); *Harlow v. Fitzgerald*, 457 U.S. 800, 818, 102 S.Ct. 2727, 73 L.Ed.2d 396 (1982); *Weise v. Caspar*, 507 F.3d 1260, 1263-64 (10th Cir.2007); *Workman v. Jordan*, 958 F.2d 332, 336 (10th Cir.1992); *see also Behrens v. Pelletier*, 516 U.S. 299, 308 & 310, 116 S.Ct. 834, 133 L.Ed.2d 773 (1996) (noting that discovery can be particularly disruptive when a dispositive motion regarding immunity is pending). On balance, the Court finds the potential harm to Plaintiff of a stay is outweighed by the burden on Defendants resulting from conducting and responding to discovery while the Motion to Dismiss is pending.

*Smith-Bey v. Reid*, No. 08-cv-01356-DME-KLM, 2008 WL 5216247, at *1 (D. Colo. Dec.11, 2008). Similar statements have been made concerning resolution of Eleventh Amendment immunity issues. *See Puerto Rico Aqueduct & Sewer Auth. v. Metcalf & Eddy, Inc.,* 506 U.S. 139, 145 (1993).

7

Based on the foregoing, the Court finds that Defendants should not be subjected to the burden and expense of discovery until the District Court has resolved the pending motion to dismiss. Because that motion is to be decided by the allegations in the Complaint itself, Plaintiff has failed to show that discovery on the immunity issue is either allowed or relevant to the pending motions.[3] Defendant's Motion to Stay Discovery (Doc. 28) is, therefore, **GRANTED**.

**IT IS THEREFORE ORDERED** that Defendants' Motion to Stay Rule 26 Proceedings (Doc. 18) is **GRANTED** and discovery is **STAYED** until such time

---

[3] If Defendants' Motion to Dismiss is denied, the Court can allow limited discovery on the qualified immunity claim if Plaintiff can show how that limited discovery directly relates to the issue of qualified immunity. Any such discovery, however, must be narrowly tailored to the issues necessary to resolve the qualified immunity claim. See *Anderson v. Creighton*, 483 U.S. 635, 646 n.6, 107 S. Ct. 3034, 97 L. Ed. 2d 523 (1987); *Crawford-El v. Britton*, 523 U.S. 574, 593 n.14, 118 S. Ct. 1584, 140 L. Ed. 2d 759 (1998); *Lewis v. City of Fort Collins,* 903 F.2d 752, 754, 758 (10th Cir. 1990).

as the District Court rules on Defendants' pending dispositive motion (Doc. 16).

Dated at Wichita, Kansas, on this 30th day of April, 2010.

                                               s/ DONALD W. BOSTWICK
                                               Donald W. Bostwick
                                               United States Magistrate Judge